ÆTNA LIFE INS. CO. *v.* DAVEY.

(*Circuit Court, D. New Jersey.* September 27, 1889.)

At Law. On motion to set aside verdict, and for new trial.

For report of charge on first trial, see 20 Fed. Rep. 482. On motion for new trial, see Id. 494. For report of opinion reversing the judgment, and granting a new trial, see 8 Sup. Ct. Rep. 331. For report of charge on second trial, see 38 Fed. Rep. 650.

*John Linn* and *Cortlandt Parker*, for plaintiff.

*Theron G. Strong* and *Jos. D. Bedle*, for defendant.

Before BRADLEY, Justice, and WALES, J.

PER CURIAM. We feel compelled in this case to set the verdict aside, and grant a new trial, on the ground that it was contrary to the weight of the evidence, and the instructions of the court. It was a condition of the policy that "if he [the insured] shall become so far intemperate as to impair his health, or induce *delirium tremens*, or if his death shall result from injuries received while under the influence of alcoholic liquor, this policy shall become and be null and void." The proof of the physician who attended the deceased in his last illness, and of others immediately around him, was so positive on this subject, and so free from contradiction, that it is difficult to conceive how the breach of the condition could be proved, if it was not proven in this case. The evidence on the subject of his general habits was of a negative character, the witnesses never having seen the deceased intoxicated, and cannot outweigh the positive evidence. The court is always reluctant to interfere with the verdict of the jury on this ground, and will not do so where the evidence is really conflicting. But if it is apparent that the jury disregarded the evidence, and that they must have acted under some misapprehension or prejudice, it is the duty of the court to correct their error, and set aside the verdict. We think that this was the case here. It is argued that a second verdict on the facts will not be interfered with. That rule has qualifications. The former verdict was set aside, not for an error of the jury, but for errors in the charge of the court; and hence the case does not come within the reason of the rule. It is where the evidence is conflicting, and the judgment of the jury upon it is twice called in question, that the rule applies. Let the verdict be set aside, and a new trial granted.